IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-396

**Christopher Mills,** Individually and on
Behalf of All Others Similarly Situated,
        Plaintiff,

v.

**Rocky Mountain Concrete Specialists, LLC,
and Greg Johnson**
        Defendants.

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Christopher Mills ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendants Rocky Mountain Concrete Specialists, LLC, and Greg Johnson (collectively "Defendant" or "Defendants), states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for all hours worked in excess of forty hours per week.

2. Plaintiff also brings this action under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), and Colorado Overtime and Minimum Wage Order No. 37, 7 C.C.R. § 1103-01 ("CMWO").

3. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, the CWA and the CMWO as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. This Complaint also alleges CWA and CMWO violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's CWA and CMWO claims pursuant to 28 U.S.C. § 1367(a).

7. Upon information and belief, Defendant is headquartered in Jefferson County.

8. The witnesses to the wage violations herein reside in this District.

9. The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.   THE PARTIES

10. Plaintiff is a resident and citizen of Arapaho County.

11. Separate Defendant Rocky Mountain Concrete Specialists, LLC ("RMCS"), is a domestic limited liability company.

12. RMCS's registered agent for service of process is Greg A. Johnson, at 13381 West Bellwood Avenue, Morrison, Colorado 80465.

13. Defendant, in the course of its business, maintains a website at https://www.rockymountainconcretespecialists.com/.

14. Separate Defendant Greg Johnson ("Johnson") is an individual and resident of Colorado.

## IV.   FACTUAL ALLEGATIONS

15. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Defendant owns and operates a concrete construction company.

17. Johnson is a principal, director, officer, and/or owner of RMCS.

18. Johnson took an active role in operating RMCS and in the management thereof.

19. Johnson, in his role as an operating employer of RMCS, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

20. Johnson, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

21. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as vehicles and fuel.

22. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

23. Defendant is an "employer" within the meanings set forth in the FLSA, the CMWO and the CWA and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

24. Plaintiff was employed by Defendant within the three years preceding the filing of this Complaint.

25. Specifically, Plaintiff was employed by Defendant from April of 2016 until October of 2021 as an hourly-paid Laborer.

26. Defendant also employed other hourly-paid Laborers within the three years preceding the filing of this Complaint.

27. At all relevant times herein, Defendant directly hired Plaintiff and other Laborers to work on its behalf, paid them wages and benefits, controlled their work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

28. At all material times herein, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA, the CWA and the CMWO.

29. Defendant paid Plaintiff an hourly rate and classified him as nonexempt from the overtime requirements of the FLSA.

30. Defendant paid other Laborers an hourly wage and classified them as nonexempt from the overtime requirements of the FLSA.

31. Plaintiff was regularly required to perform work off the clock which went unrecorded and uncompensated.

32. Specifically, Defendant deducted half an hour each day for lunch, but Plaintiff was regularly required to work through lunch, or was not allowed to take a full thirty-minute lunch break.

33. Upon information and belief, Defendant also deducted half an hour each day from other Laborers' time for a "lunch break" but required them to work through most or all of that time.

34. Plaintiff and other Laborers met at Defendant's shop and drove Defendant's vehicles to the job site for the day. At the end of the day, they drove back to the shop together.

35. Plaintiff and other Laborers were often required to pick up materials on their drive back to the shop, unload the vehicles once they got back to the shop or wash the vehicles once they got back to the shop.

36. Defendant refused to pay Plaintiff and other Laborers for the time they spent driving back to the shop, picking up materials, unloading the vehicles or washing the vehicles.

37. Defendant recorded the time of Plaintiff and other Laborers; Plaintiff and other Laborers did not record their own time.

38. Defendant rarely if ever recorded over 40 hours per week for Plaintiff and other Laborers.

39. However, due to the additional time spent working through lunch breaks, driving, unloading and/or washing the vehicle, Plaintiff and other Laborers regularly or occasionally worked more than 40 hours per week.

40. Defendant did not pay Plaintiff or other Laborers an overtime premium of 1.5x their regular hourly rate for all hours worked in excess of 40 each week.

41. Defendant knew or should have known that it was not paying Plaintiff and other Laborers sufficient wages.

42. During most of Plaintiff's shifts, Defendant failed to provide Plaintiff with compensated rest breaks of at least ten minutes for each four-hour period worked.

43. The CMWO states that employees are entitled to 10-minute compensated rest periods for each 4 hours of work. When employees are not permitted these breaks, their shift "is effectively extended by 10 minutes without compensation. . . . Therefore, a failure by an employer to authorize and permit a 10-minute compensated rest period is a failure to pay 10 minutes of wages[.]" *See* CMWO, Rule 5.2.4.

44. Defendant knew or showed reckless disregard for whether the way it paid Plaintiff and other Laborers violated the FLSA, the CWA and the CMWO.

## V.     REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

46. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

47. Plaintiff brings his FLSA claims on behalf of all Laborers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as nonexempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty hours in a week;

B. Liquidated damages; and

C. Attorneys' fees and costs.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

49. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the overtime requirements of the FLSA;

B. They were paid an hourly wage;

C. They worked over forty hours in at least one week within the past three years;

D. They had substantially similar job duties and responsibilities;

E. They were subject to Defendant's common policy and practice of deducting 30 minutes for lunch without allowing them to take a 30-minute lunch break; and

F. They were subject to Defendant's common policy and practice of failing to pay them for time they spent working once they left a jobsite.

50. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All Laborers within the past three years.**

51. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds ten persons.

52. Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

54. 29 U.S.C. § 207 requires employers to pay employees 1.5 times the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

55. Defendant classified Plaintiff as an hourly employee, nonexempt from the overtime requirements of the FLSA.

56. Defendant failed to pay Plaintiff an overtime rate of 1.5 times his regular rate for all hours worked over 40 per week, despite his entitlement thereto.

57. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

58. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint.

59. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

60. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
(Individual Claims for Violations of CWA, C.R.S. § 8-4-101, *et seq.*, and CMWO, 7 C.C.R. § 1103-1)

61. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiff regularly worked more than forty hours per week.

63. Defendant failed to properly pay Plaintiff overtime wages at a rate of not less than 1.5 times his regular rate of pay for all hours worked over 40 each week.

64. Defendant failed to permit Plaintiff 10-minute compensated rest breaks as required by Rule 5 of the CMWO, and therefore owes Plaintiff wages for each shift in which he was not allowed to take the required rest breaks.

65. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

66. Because Defendant willfully violated the CWA and CMWO, a three year statute of limitations shall apply to such violations.

67. As a result of Defendant's policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, reasonable attorneys' fees, costs and other compensation pursuant to Colo. Rev. Stat. § 8-6-118.

### VIII.   THIRD CAUSE OF ACTION
### (Collective Action Claim—Violation of the FLSA)

68. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

69. Plaintiff brings this collective action claim on behalf of all similarly situated employees to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for all the overtime compensation for all the hours he and they worked in excess of forty each week.

70. 29 U.S.C. § 207 requires employers to pay employees 1.5 times the employee's regular rate for all hours that the employee works in excess of 40 per week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

71. Defendant classified Plaintiff and other similarly situated employees as hourly employees, nonexempt from the overtime requirements of the FLSA.

72. Defendant failed to pay Plaintiff and other similarly situated employees an overtime rate of 1.5 times their regular rate for all hours worked over 40 per week, despite their entitlement thereto.

73. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and other similarly situated employees for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint.

75. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and other similarly situated employees as provided by the FLSA, Plaintiff and other similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Christopher Mills, individually and on behalf of all other similarly situated employees, respectfully prays that each Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be required to account to Plaintiff, the collective members and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

B.     A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.     Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E.     Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

F.     A declaratory judgment that Defendants' practices alleged herein violate the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4);

G.     Judgment for damages for all unpaid overtime compensation and penalties to which Plaintiff is lawfully entitled under the Colorado Minimum Wage Order Number 35, 7 Colo. Code Regs. § 1103-1(4), Colo. Rev. Stat. § 8-6-118, and/or the CWCA, Colo. Rev. Stat. § 8-4-109;

H.   An order directing Defendant to pay Plaintiff and the collective pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

I.   Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**CHRISTOPHER MILLS, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ April Rhéaume*
April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Col. Bar No. 44358
josh@sanfordlawfirm.com